**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Jason Meier, | : | |
|     Plaintiff, | : | Case No. 3:21-cv-285 |
|     v. | : | District Judge Michael J. Newman |
| United States of America, | : | Magistrate Judge Caroline H. Gentry |
|     Defendant. | : | |

**FEDERAL RULE OF EVIDENCE 502(d) STIPULATED ORDER**

1. The production of attorney-client privileged or work-product protected documents, electronically stored information ("ESI"), or other information (collectively, "Protected Materials"), whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Stipulated Order shall be interpreted to provide the maximum protection allowed under Federal Rule of Evidence 502(d) for a party agreement under Federal Rule of Evidence 502(e) incorporated into a court order.

2. If any party produces Protected Materials, the producing party may request the Protected Materials back from the receiving party at any time. If the receiving party does not contest the producing party's claim of privilege or work-product protection, the receiving party shall return the Protected Materials to the producing party within ten business days after the producing party requests the Protected Materials, and the receiving party shall not use or disclose the Protected Materials for any purpose. If the receiving party contests the producing party's claim of privilege or work-product protection, then it will: (i) within ten business days after receiving the producing party's request for return of the Protected Materials

provide written notice to the producing party of the reason for the disagreement; and (ii) request a discovery conference with the Court within five business days after providing such written notice to the producing party. The receiving party may not challenge the claim of privilege or work-product protected designation by arguing that the disclosure itself is a waiver of any privilege or protection. If the receiving party contests the producing party's claim of privilege or work-product protection through written notice but fails to request a Court conference within the timeframe allotted in this paragraph, then the receiving party will return all copies of the disputed Protected Materials to the producing party within twenty business days of receiving the producing party's request for return of the Protected Materials.

3. Nothing in this Stipulated Order is intended to or shall serve to limit a party's right to conduct a review of documents, ESI (including metadata), or other information for relevance, responsiveness, or segregation of privileged or protected information before production.

SO ORDERED.

August 24, 2022

*s/Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

**STIPULATED AND AGREED TO:**

Attorney for Plaintiff:

Attorneys for Defendant:

KENNETH L. PARKER
United States Attorney

s/*Aaron G. Durden*
Aaron G. Durden (0039862)
*Trial Attorney for Eric Meier*

s/*John J. Stark*
John J. Stark (0076231)
Assistant United States Attorney

*/s/W. Hunter West*
W. Hunter West (0093445)
Assistant United States Attorney

2